Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL [1]

| | | |
|---|---|---|
| RICHARD MACHADO ORTIZ<br><br>Peticionario<br><br>EX PARTE | KLCE202301385 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Relaciones de Familia y Asuntos de Menores de Bayamón<br><br>Civil núm.: BY2020RF01106 (3006)<br><br>Sobre: Declaración de Incapacidad y Nombramiento de Tutor |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Sánchez Ramos y la Jueza Cintrón Cintrón.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de febrero de 2024.

Comparece ante nos el señor Richard Machado Ortiz (en adelante, "señor Machado Ortiz" "peticionario"), mediante el auto de *certiorari* para que revisemos las siguientes (3) tres órdenes emitidas y notificadas por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI"):

1. Orden de **12 de octubre de 2023**, notificada en esa misma fecha: *"Con lugar esta, por lo que da por cumplido lo ofrecido por el CPA".*[2]
2. Orden de **6 de noviembre de 2023**, notificada al día siguiente, donde determinó la *Moción en cumplimiento Orden Exponiendo Posición sobre Informe Fiscal* de la Dra. Lissette Berrios Ortiz: *"Transcurrido el término de la orden se determina esta con lugar, por lo que se requiere además de lo ya presentado se establecerá en la vista en su fondo con el perito".*[3]
3. Orden de **28 de noviembre de 2023**, notificada en esa misma fecha, a *Solicitud de Remedios para que se Dicten Resoluciones de Conformidad con el Debido*

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre *Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones.* Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel. Véase, además, la Orden Administrativa OATA-2023-068, mediante la cual se modificó la composición del panel que atendió los correspondientes recursos anteriores (KLCE202200658 – KLCE202300366).

[2] Anexo 1 del Apéndice del *Certiorari*, págs. 1 – 3.

[3] Anexo 2 del Apéndice del *Certiorari*, págs. 356 – 370.

*Proceso de Ley* del peticionario: *"La orden es clara por lo que la reconsideración fue resuelta y el Tribunal entendió conforme la Regla 47 que procedió SIN LUGAR. En cuanto a tutor provisional como medida cautelar la misma no procede. No existe por el momento un incapaz para tomar dicha medida. Una vez demostrada la alegada incapacidad entonces el Tribunal tomará las medidas necesarias. Cumplan las partes con lo indicado sobre las fechas coordinen".[4]*

Evaluado el recurso presentado, resolvemos **denegar** el auto de certiorari solicitado.

**-I-**

El **3 de agosto de 2020**, el señor Machado Ortiz presentó una *Petición Exparte* de incapacidad y nombramiento de tutor con relación a su madre, la señora Norma A. Ortiz Colón (en adelante, "señora Ortiz Colón o presunta incapaz").[5]

Tras varios trámites procesales, el TPI dictó *Sentencia* el **23 de febrero de 2021**,[6] en la que desestimó la causa de acción.

Inconforme, el **12 de abril de 2021** el señor Machado Ortiz acudió ante este Tribunal de Apelaciones (en adelante, "TA"),[7] en el caso núm. KLAN202100442. Así, el **17 de junio de 2021** el TA dictó una *Sentencia* en la que revocó al TPI y le ordenó a adoptar provisionalmente las medidas necesarias para salvaguardar la seguridad de la presunta incapaz, señora Ortiz Colón, y de sus bienes, hasta que se dictara sentencia.[8]

En respuesta a la petición incoada, el **10 de mayo de 2022** la presunta incapaz señora Ortiz Colón; su hija, Lcda. Norma Machado Ortiz; su hijo, Ricardo Felipe Machado Ortiz; su esposo, Dr. Richard Machado González; su hija, Dra. Lissette Berrios Ortiz; su hijo, Ángel Antonio Berríos Ortiz; y, su hijo, Ángel Manuel Berríos Ortiz (en adelante, "recurridos"), presentaron la *Contestación a*

---

[4] Anejo 3 del Apéndice del *Certiorari*, págs. 6 – 7.
[5] Anejo 4 del Apéndice del *Certiorari*, págs. 8 – 30.
[6] Notificada al día siguiente. Entrada Núm. 59 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[7] Entrada Núm. 69 de SUMAC.
[8] Anejo 5 del Apéndice del *Certiorari*, págs. 31 – 82.

*Petición de Declaración de Incapacidad y Nombramiento de Tutor (Contenciosa).*[9]

Así las cosas, el **23 de mayo de 2022** el TPI emitió una *Orden*,[10] en la que procuró la entrega de los expedientes médicos de la señora Ortiz Colón y prohibió la disposición de todo bien y/o activo que le perteneciera. Procuró, además, su evaluación con la psiquiatra, Dor Marie Arroyo Carrero (en adelante, "Dra. Arroyo Carrero") y el neurólogo, Christian Schenk Aldahondo (en adelante, "Dr. Schenk Aldahondo").[11]

Insatisfechos, el **22 de junio de 2022** los recurridos acudieron ante el TA, mediante el recurso de *certiorari*, KLCE202200650 el cual, fue denegado.[12]

Posteriormente, el TPI emitió una serie de ordenes relativas a la rendición del inventario de bienes y avalúo, la designación de los candidatos a tutor y la información requerida por los médicos.[13] Por su parte, el peticionario Machado Ortiz solicitó la designación de un tutor provisional.[14]

El **4 de noviembre de 2022**, el TPI dictó una *Resolución y Orden de Manejo del Caso*,[15] Allí, reiteró como medida cautelar la orden de prohibición de enajenar los bienes de la señora Ortiz Colón sin la autorización judicial, mientras no se determinara expresamente otra cosa.

El **23 de febrero de 2023**, el señor Luis A. Martínez Renta, contador público autorizado (en adelante, "CPA Martínez") presentó un *Informe de Progreso al Honorable Tribunal.*[16] Y el **14 de abril de**

---

[9] Anejo 6 del Apéndice del *Certiorari*, págs. 83 – 137.
[10] Notificada al día siguiente.
[11] Anejo 7 del Apéndice del *Certiorari*, págs. 138 – 141.
[12] La Resolución fue emitida el 23 de diciembre de 2022.
[13] Anejos 8 y 9 del *Certiorari*, págs. 142 – 160.
[14] Anejo 12 del Apéndice del *Certiorari*, págs. 196 – 198.
[15] Notificada el 7 de noviembre de 2022. Anejo 15 del *Certiorari,* págs. 206 – 218.
[16] Anejo 21 del Apéndice del *Certiorari,* págs. 298 – 305.

**2023**, el CPA Martínez presentó el *Informe al Honorable Tribunal Sobre Inventario y Avalúo de Bienes*.[17]

El **14 de abril de 2023**, se celebró una vista de estado de los procedimientos,[18] por lo que el TPI emitió una *Orden* a las partes de expresaran su posición sobre las directrices impartidas —entre otras— sobre la preparación de un informe por el CPA Martínez.[19]

En conformidad, el **2 de mayo de 2023**, las Procuradoras de Asuntos de Familia (en adelante, "PAF" o "Ministerio Público") presentaron una *Moción en Cumplimiento de Orden*, donde expresaron que el CPA Martínez aún no había culminado su encomienda y que se le debe conceder un término adicional para rendir un informe final.[20]

El **31 de mayo de 2023**, el peticionario presentó una *Moción Sobre el Informe del CPA Luis Martínez*, donde reiteró la posición del PAF.[21]

Luego, el **11 de octubre de 2023**, la Lcda. Norma Machado Ortiz, hija de la presunta incapaz, presentó —vía representación legal— un escrito intitulado: *Moción en Cumplimiento (Orden Número 730)*. En apretada síntesis, expuso que del informe no surge que el inventario esté incompleto.[22] Ese mismo día, el Dr. Richard Machado González, esposo de la presunta incapaz, presentó un escrito: *Moción en Cumplimiento de Orden en Torno a SUMAC 702 Presentado por el Peticionario sobre Informe de CPA Martínez*. En resumen, suscribió lo planteado en el escrito de su hija, Lcda. Norma Machado Ortiz.[23]

---

[17] Anejo 31 del Apéndice del *Certiorari*, págs. 356 – 370.
[18] Anejo 31 del Apéndice del *Certiorari*, págs. 344 – 355.
[19] Notificada el 17 de abril de 2023. Anejo 32 del Apéndice del *Certiorari*, págs. 371 – 372.
[20] Anejo 35 del Apéndice del *Certiorari*, págs. 377 – 378.
[21] Anejo 39 del Apéndice del *Certiorari*, págs. 391 – 405.
[22] Anejo 49 del Apéndice del *Certiorari*, págs. 454 – 461.
[23] Anejo 50 del Apéndice del *Certiorari*, págs. 462 – 463.

Así las cosas, el **12 de octubre de 2023**, el TPI dio por cumplido lo ofrecido por el CPA Martínez.[24]

Inconforme, el **24 de octubre de 2023** la PAF presentó *Informe Fiscal en Solicitud de Reconsideración.*[25] El TPI ordenó a las partes a exponer su posición sobre lo informado por el Ministerio Público.[26] Por lo cual, la Lcda. Norma Machado Ortiz, el Sr. Ricardo Felipe Machado Ortiz, el Sr. Ángel Antonio Berríos Ortiz y el Sr. Ángel Manuel Berríos Ortiz cumplieron con lo ordenado el mismo día.[27]

Por su parte, el **6 de noviembre de 2023**, la Dra. Lissette Berrios Ortiz, hija de la presunta incapaz presentó: *Moción en cumplimiento de Orden Exponiendo Posición sobre Informe Fiscal,* alegando que el referido informe estaba completo.[28]

En respuesta, el mismo día —**6 de noviembre de 2023**— el Sr. Richard Machado Ortiz radicó una *Moción en Cumplimiento de Orden [758] y Uniéndonos al Informe Fiscal y la Solicitud de Reconsideración,* en la cual alegó que el CPA Martínez sostuvo que no ha completado su encomienda y en el expediente judicial no existe un informe final rendido por este.[29]

El **6 de noviembre de 2023**,[30] el TPI emitió una *Orden* en el que determinó Ha Lugar a la *Moción en cumplimiento de Orden Exponiendo Posición sobre Informe Fiscal* de la Dra. Lissette Berrios Ortiz, hija de la presunta incapaz, acogiendo la posición de que el informe del CPA Martínez estaba completado.

Inconforme, el **10 de noviembre de 2023** la PAF presentó un escrito: *Informe Fiscal,* en el cual sostuvo que no hay una

---

[24] Anejo 1 del *Certiorari,* págs. 1 – 2.
[25] Anejo 54 del *Certiorari,* págs. 469 – 473.
[26] Anejo 55 del *Certiorari,* págs. 474 – 475.
[27] Anejos 56 y 57 del *Certiorari,* págs. 476 – 480.
[28] Anejo 58 del *Certiorari,* págs. 481 – 483.
[29] Anejo 59 del *Certiorari,* págs. 484 – 491.
[30] Notificada el 7 de noviembre de 2023**.** Anejo 2 del *Certiorari,* págs. 4 – 5.

determinación en cuanto a su solicitud de reconsideración.[31] Por su parte, ese mismo día el Dr. Richard Machado González presentó: *Muy Breve Réplica a SUMAC 771*. En síntesis, se opuso al escrito de la PAF y exhortó al TPI a no dilatar los procesos.[32]

El **13 de noviembre de 2023**, TPI se sostuvo en que el informe del CPA Martínez estaba completado y reiteró el calendario de la vista en que el CPA Martínez debía comparecer como testigo.[33]

El **27 de noviembre de 2023**, el peticionario Machado Ortiz presentó un escrito: *Solicitud de Remedios para que se Dicten Resoluciones de Conformidad con el Debido Proceso de Ley*.[34] En resumen, adujo que quedaban pendientes controversias por resolver y notificarlas, entre ellas, que se resolviera adecuadamente la solicitud de reconsideración de la PAF sobre el informe incompleto del CPA Martínez, ello en violación al debido proceso de ley.

El **28 de noviembre de 2023**, el TPI aclaró que la reconsideración fue resuelta y que no existe por el momento un incapaz para tomar la medida cautelar del tutor provisional.[35]

Inconforme, el **7 de diciembre de 2023**, el Sr. Richard Machado Ortiz recurrió ante este foro apelativo. Mediante el auto de *certiorari* señaló los siguientes errores:

> **PRIMER ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RESOLVER CONFORME A DERECHO LA SOLICITUD DE RECONSIDERACIÓN PRESENTADA POR EL MINISTERIO PÚBLICO, VIOLANDO EL DEBIDO PROCESO DE LEY.**
>
> **SEGUNDO ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CUMPLIR CON EL MANDATO DE ESTE HONORABLE TRIBUNAL EN EL CASO KLAN202100242 EN CUANTO A LAS MEDIDAS CAUTELARES.**
>
> **TERCER ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA**

---

[31] Anejo 65 del Apéndice del *Certiorari*, págs. 503 – 505.
[32] Anejo 66 del Apéndice del *Certiorari*, págs. 506 – 508.
[33] Anejo 67 del Apéndice del *Certiorari*, págs. 509 – 510.
[34] Anejo 71 del Apéndice del *Certiorari*, págs. 517 – 527.
[35] Anejo 3 del Apéndice del *Certiorari*, págs. 6 – 7.

INSTANCIA AL IGNORAR EL ORDENAMIENTO JURÍDICO VIGENTE SOBRE LA INCAPACIDAD LEGAL, SEGÚN REGULADO EN EL CÓDIGO CIVIL DEL 2020 Y EMITIR ÓRDENES EN CONTRAVENCIÓN CON EL MISMO.

-II-

El auto de *certiorari* es un medio procesal de carácter discrecional que faculta a un tribunal de mayor rango a revisar las determinaciones de un tribunal inferior jerarquía.[36] Por lo cual, la discreción se entiende como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[37]

En ese sentido, la Regla 52.1 de Procedimiento Civil,[38] delimita las instancias en que atenderemos —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].[39]*

Con el objetivo de que podamos ejercer de manera sabia nuestra facultad discrecional —de entender o no en los méritos del asunto esbozado en un *certiorari*— contamos con la Regla 40 del Reglamento del Tribunal de Apelaciones,[40] que establece los siguientes criterios:

> *El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*

---

[36] *Mun. Autónomo de Caguas v. JRO Construction, Inc.,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[37] *García v. Asociación,* 165 DPR 311, 321 (2005).
[38] 32 LPRA Ap. V, R. 52.1.
[39] *Id.*
[40] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[41]

Por lo que, al tener discreción judicial, este foro apelativo tiene la reserva para expedir o denegar el auto; bajo el siguiente crisol:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[42]

De manera, que si la actuación del TPI no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[43]

**-III-**

En síntesis, el señor Machado Ortiz nos señala que el TPI erró al no resolver conforme a derecho la solicitud de reconsideración presentada por el Ministerio Público y al incumplir con el mandato de este Tribunal en cuanto a las medidas cautelares. También, arguye que el TPI incidió al ignorar el ordenamiento jurídico vigente sobre la incapacidad legal.

Conforme el derecho antes expresado, no encontramos razón por la que debamos intervenir en el presente caso. No se configura ninguna de las instancias contempladas en la citada Regla 52.1 de

---

[41] *Id.*
[42] *Id.*; *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[43] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

Procedimiento Civil, ni de los criterios establecidos en la Regla 40 del Reglamento de este tribunal.

Las órdenes recurridas constituyen un claro ejercicio de discreción que tiene el TPI de manejar sus casos de la manera que entienda más adecuada, conforme las normas de derecho aplicable y los hechos ante su consideración.

Razón por la cual, no estamos ante una actuación arbitraria o caprichosa en ejercicio del poder discrecional, por lo que no se justifica nuestra intervención en este caso.

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones